UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>    Plaintiff,<br><br>v.<br><br>D. HICKS, et.al.,<br><br>    Defendants. | Case No.: 1:19-cv-01738-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>[ECF No. 11] |

Plaintiff Antoine L. Ardds is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's "motion in support of 42 USC 2000(d)," filed January 3, 2020. Plaintiff seeks a court order directing prison officials to refrain from denying access and/or destroying his legal property. The Court construes Plaintiff's motion as a request for a preliminary injunction.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of

1

Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

///

///

2

As an initial matter, Plaintiff's case is in the preliminary screening stage, and the United States Marshal has yet to effect service on any Defendant, and Defendants have no actual notice. Therefore, the Court has no personal jurisdiction over any Defendant at this time. Fed. R. Civ. P. 65(d)(2); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983).

Further, even if the Court had personal jurisdiction over the individuals named in the complaint, Plaintiff has failed to demonstrate imminent irreparable harm necessary to support a preliminary injunction. See Winter, 555 U.S. at 20; Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "The fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, ipso facto, entitle him to a preliminary injunction." Claiborne v. Blauser, No. CIV S-10-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), report and recommended adopted, No. CIV S-10-2427 LKK, 2011 WL 4765000 (E.D. Cal. Sept. 29, 2011). Instead, to meet the "irreparable harm" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Id. at 674-75.

Plaintiff seeks a court order preventing prison officials from depriving him of access to his legal property and to prevent them from destroying his property. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. To prevail on a claim regarding denial of access to the courts, it is not enough for an inmate to show some sort of denial  Plaintiff has failed to demonstrate actual injury. Plaintiff has not shown that without an injunction he will miss a deadline or have this action dismissed. In addition, Plaintiff's complaints about access and destruction of his legal property are not related to his

underlying claims in this action. Thus, an injunction is not proper. See Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a "sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself"). Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).

Plaintiff is further advised that the Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted). The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Here, Plaintiff alleges an unauthorized taking of his property which is not actionable under the Due Process Clause because California provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895). In this instance, Plaintiff has alleged an unauthorized deprivation of his property which is not cognizable by way of section 1983, as he has an adequate remedy under California law.

///
///
///

# II.

# ORDER AND RECOMMENDATION

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 8, 2020**

UNITED STATES MAGISTRATE JUDGE