# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>        Plaintiff,<br><br>    v.<br><br>D. HICKS, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-01738-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS, AND SEVERING EXCESSIVE FORCE CLAIM AGAINST DEFENDANTS<br><br>[ECF Nos. 14, 15] |

Plaintiff Antoine L. Ardds is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 24, 2020, the Court issued a screening order finding that Plaintiff stated a cognizable excessive force claim against Defendant D. Hicks, and a separate and unrelated claim of excessive force against Defendants Bobadilla and G. Alcocer but found all other claims not cognizable (ECF No. 14.) The Court granted Plaintiff the option of filing an amended complaint or notifying the Court of his intent to proceed on ONE of the excessive force claims. (Id. at 11:12-14.)

On February 3, 2020, Plaintiff filed a response to the Court's screening order stating that he wishes to proceed on both of the separate excessive force claims. (ECF No. 15.)

Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action

1

and on such terms as are just," and "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-00072-GEB-EFB, 2006 WL 3201078, at *2 (E.D. Cal. Nov. 6, 2006).

As stated in the Court's January 24, 2020 screening order, the excessive force claims against Defendant Hicks and Defendants Bobadilla and G. Alcocer are not related and are not properly joined in one action. In his response to the Court's screening order, Plaintiff indicates that he wishes to proceed on both excessive force claims. Therefore, in the interest of justice, the Court will order the excessive force claims severed (Fed. R. Civ. P. 21),[1] and all other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief, Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's excessive force claim against Defendant D. Hicks;
2. The Clerk of Court be directed to open a new prisoner civil rights action and docket the complaint (ECF No. 1) as the operative pleading in that action, and assigned to the same magistrate judge and district judge as the instant action. The new action shall proceed against Defendants Bobadilla and G. Alcocer for excessive force, and
3. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may

---

[1] Plaintiff is advised that he will be required to either file a new application to proceed in forma pauperis or pay the $400.00 filing fee in the new action.

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 5, 2020**

_____
UNITED STATES MAGISTRATE JUDGE