UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. HICKS, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-01738-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 12, 17, 21) |

　　　　Plaintiff Antoine L. Ardds is appearing pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff filed a motion "in support of 42 USC 2000(d)" on January 8, 2020.  (Doc. No. 11.)  On January 8, 2020, the assigned magistrate judge issued findings and recommendations construing plaintiff's motion as a motion for a preliminary injunction and recommending that the motion be denied.  (Doc. No. 12 at 1.)  The findings and recommendations were served on plaintiff and contained notice that objections were to be filed within twenty-one (21) days.  Plaintiff filed objections on January 24, 2020.  (Doc. No. 13.)

　　　　On January 24, 2020, the magistrate judge screened plaintiff's complaint and found that plaintiff stated a cognizable claim for the unconstitutional excessive use of force against defendant D. Hicks and separate, unrelated excessive use of force claims against defendants

Bobadilla and G. Alcocer.  (Doc. No. 14.)  All other claims were not found to be cognizable.  Plaintiff filed a response to the screening order on February 3, 2020, stating that he wished to proceed on his excessive force claims.  (Doc. No. 15.)  Accordingly, on February 5, 2020, the magistrate judge issued findings and recommendations recommending that (1) this action proceed on plaintiff's excessive use of force claim against defendant D. Hicks, (2) the Clerk of the Court open a new prisoner civil rights action in which plaintiff would proceed against defendants Bobadilla and G. Alcocer on an excessive use of force claim, and (3) all other claims and defendants be dismissed from the action for failure to state a cognizable claim for relief.  (Doc. No. 17.)  The findings and recommendations were served on plaintiff and contained notice that objections were due within fourteen (14) days.  (*Id.* at 2.)  Plaintiff filed objections on February 27, 2020.  (Doc. No. 18.)

On March 18, 2020, plaintiff filed a second motion for a preliminary injunction.  (Doc. No. 20.)  On March 19, 2020, the magistrate judge issued findings and recommendations recommending that plaintiff's motion be denied.  (Doc. No. 21.)  The findings and recommendations were served on plaintiff and contained notice that objections were to be filed within fourteen (14) days.  (*Id*. at 5.)  Plaintiff filed objections on April 1, 2020.  (Doc. No. 22.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

The court first considers plaintiff's objections to the January 8, 2020 findings and recommendations and the March 19, 2020 findings and recommendations, the latter of which addressed each of his motions for a preliminary injunction.  Plaintiff objects to both findings and recommendations by reiterating many of the points made in his original motions.  (*See generally* Doc. Nos. 13, 22.)  But as the magistrate judge correctly noted in both pending findings and recommendations—and as plaintiff concedes—no defendant yet has notice of this action because the United States Marshal has yet to effect service on any of the named defendants.  (Doc. Nos 12 at 3; 21 at 3; *see also* Doc. No. 13 at 1–2.)  The court therefore has no personal jurisdiction over

any defendant and thus cannot issue a preliminary injunction at this stage of the litigation. *See* Fed. R. Civ. P. 4(k); *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.")

With regards to the February 5, 2020 findings and recommendations following the magistrate judge's screening order, plaintiff states that while he understands the court's decision, he objects to the dismissal of the claims found to be non-cognizable without an opportunity to address them following his exhaustion of available administrative remedies. (Doc. No. 18 at 1–2.) The court notes that those claims will be dismissed *without* prejudice.

Accordingly:

1. The January 8, 2020 findings and recommendations (Doc. No. 12) are adopted in full;
2. Plaintiff's first motion for a preliminary injunction (Doc. No. 11) is denied;
3. The February 5, 2020 findings and recommendations (Doc. No. 17) are adopted in full;
   a. This action shall proceed on plaintiff's excessive force claim against defendant D. Hicks;
   b. The Clerk of Court shall open a new prisoner civil rights action in which plaintiff will be permitted to proceed against defendants Bobadilla and G. Alcocer on a claim of excessive use of force, docket the complaint (Doc. No. 1) as the operative pleading in that action, and assign the same magistrate judge and district judge assigned to this action to the new action;
   c. All other claims and defendants shall be dismissed from this action, without prejudice, due to plaintiff's failure to state a cognizable claim for relief;

/////

4. The March 19, 2020 findings and recommendations (Doc. No. 21) are adopted in full;
5. Plaintiff's second motion for a preliminary injunction (Doc. No. 20) is denied; and
6. Both cases are referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **June 24, 2020**　　　　　　　　　_/s/ Dale A. Drozd_
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE