UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>        Plaintiff,<br><br>   v.<br><br>D. HICKS, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-01738-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S EX PARTE MOTION<br><br>(ECF No. 44) |

      Plaintiff Antoine L. Ardds is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant D. Hicks for excessive force in violation of the Eighth Amendment.[1] (Order Adopting Findings and Recommendations, 3, ECF No. 23.)

      On December 18, 2020, Plaintiff filed an *ex parte* motion complaining about numerous of his conditions of confinement. (ECF No. 44.) In the motion, Plaintiff states that he is attempting "to bring awareness of my condition and seek the most costless resolution and accountability or disciple for those officials in violation of federal law." (ECF No. 4.)

      To the extent that Plaintiff is seeking to add additional claims to this action, as he was advised

---

[1] The parties have all consented to the jurisdiction of the magistrate judge and this action has been assigned to the undersigned for all purposes. (ECF No. 39.)

1

in the January 24, 2020 screening order,

> A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).
>
> . . .Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

(ECF No. 14 at 5-6.) The allegations of Plaintiff's current conditions of confinement are unrelated to the claims that are proceeding in this action and would improperly joined in this action. See Fed. R. Civ. P. 18, 20. If Plaintiff seeks to obtain relief from his current conditions of confinement, he is required to file a new civil action.

Furthermore, to the extent that Plaintiff is seeking injunctive relief in this action to remedy his current conditions of confinement, federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Here, Plaintiff's allegations relate to unnamed individuals that are not defendants in this action and this Court may not attempt to determine the rights of persons not before it. See Hitchman Coal &

Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727-28 (9th Cir. 1983).

  Finally, the pendency of this action does not confer on the Court jurisdiction to issue an order addressed to Plaintiff's current conditions of confinement, because such an order would not remedy the underlying legal claim, which involves Defendant Hicks past conduct.  18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-104 (1998); Lyons, 461 U.S. at 111; Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

  For the reasons discussed, Plaintiff's *ex parte* motion is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **December 21, 2020**

                UNITED STATES MAGISTRATE JUDGE