UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>                    Plaintiff,<br><br>        v.<br><br>D. HICKS,<br><br>                    Defendant. | No. 1:19-cv-01738-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 27, 29) |

Plaintiff Antoine L. Ardds is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 7, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's third motion for a preliminary injunction (Doc. No. 27) be denied. (Doc. No. 29.)  The findings and recommendations were served on plaintiff and contained notice that objections were to be filed within fourteen (14) days.  (*Id*.)  Plaintiff filed objections on August 18, 2020.  (Doc. No. 32.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

1

In his objections, plaintiff fails to refute the basis for the magistrate judge's findings and recommendations. Specifically, plaintiff states that he has on several occasions reported officers' conduct, only for CSP-CDR officials to retaliate by informing the officers of the complaints brought against them. (Doc. No. 32 at 2, 4.) Plaintiff further argues that there is evidence supporting his claims of officers' misconduct, but that he is unable to obtain these documents due to being housed in a mental health crisis bed following his suicide attempts. (*Id.* at 4.) As the magistrate judge noted, this action proceeds against defendant Hicks, whereas plaintiff's motion for preliminary relief attempts to restrain other prison officials who are not parties to this action. (Doc. No. 29 at 3.) Thus, plaintiff's requested relief cannot be granted because the court cannot enjoin persons who are not before the court. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *McCoy v. Stronach*, No. 1:12-cv-000983-AWI-SAB (PC), 2020 WL 4200084, at *1 (E.D. Cal. July 22, 2020) (citing *Zepeda* and denying plaintiff's motion for a temporary restraining order).

Accordingly:

1. The findings and recommendations issued on August 7, 2020 (Doc. No. 29) are adopted in full; and
2. Plaintiff's third motion for a preliminary injunction (Doc. No. 27) is denied.

IT IS SO ORDERED.

Dated:   **December 28, 2020**                    _Dale A. Drozd_
                                                  UNITED STATES DISTRICT JUDGE